State, use of Bruner, *et al. vs.* Ramsburg, *et al.*

(Decided 8th December, 1875.)

---

The State of Maryland at the instance, and for the use of Lewis Bruner and others *vs.* John Ramsburg and others.

*Nul tiel Record—Estoppel.*

The purchasers at a sale made by a trustee under a decree of a Court of Equity, brought suit in the name of the State upon the trustee's official bond against the trustee and his sureties, and assigned as a breach, that the report of the sale filed by the trustee was false in that he reported the sale as made sub-

ject to a specified reservation, when in fact no such reservation was made. The trustee pleaded in bar the proceedings in equity, with the final order of the Court ratifying the sale as reported, alleging the same to be conclusive between the parties. To this defence *nul tiel record* was pleaded by the plaintiffs and issue was joined thereon. The record in the equity proceedings disclosed the following facts: The trustee had reported the sale as having been made with the reservation. The purchasers had excepted to this report because of said reservation, alleging that no such reservation had been made. The exceptants had also filed a petition claiming to be purchasers without reservation, and asking that the sale might be ratified, excepting that portion of the report of sale setting forth the reservation excepted to, leaving the conflicting rights involved in that question, to be ascertained afterwards. The trustee filed an answer denying the allegations of the petition, and afterwards the Court passed an order, finally ratifying the sale as reported, and overruling the exceptions. HELD:

That the record of the case in equity presented the decree of a Court of competent jurisdiction, upon the same issues, between the same parties, which coming incidentally in question, or offered in evidence in any Court, was conclusive between the parties upon the question decided; and could not be impeached on the ground of informality in the proceedings, or error or mistake of the Court in the matter which had been adjudicated.

APPEAL from the Circuit Court for Frederick County. This appeal was taken by the plaintiffs from the action of the Court below overruling their demurrer, and giving judgment for the defendants upon an issue joined to a surrejoinder of *nul tiel record* filed by the plaintiffs, and tried before the Court.

The facts are sufficiently stated in the opinion of this Court.

The cause was argued before BARTOL, C. J., BOWIE, GRASON and MILLER, J.

*Wm. P. Maulsby, Jr., James McSherry* and *John Ritchie,* for the appellants.

State, use of Bruner, *et al. vs.* Ramsburg, *et al.*

"It is a general rule, that a verdict and judgment upon the merits in a former suit, are, in a subsequent action between the same parties, where the cause of action, damages, or demand is identically the same, conclusive against the plaintiff's right to recover, whether pleaded in bar, or given in evidence under the general issue, where such evidence is legally admissible; and that such prior verdict and judgment need not be pleaded by way of estoppel." *Shafer vs. Stonebraker*, 4 *G. & J.*, 360; *Beall vs. Pearre*, 12 *Md.*, 550; *Cecil vs. Cecil, &c.*, 19 *Md.*, 72; *Bigelow on Estoppel*, 27.

To constitute such prior judgment an estoppel, the matter of fact or right must have been put in issue, and must furthermore appear to have been passed upon by the jury or Court. The very essence of an estoppel is, that it must appear or be shown that there has been an issue and a finding; that is, a trial upon the merits to constitute an estoppel. When the judgment is not upon the merits, it is not an estoppel. *Schindel vs. Suman*, 19 *Md.*, 310. So also to constitute the former judgment a complete bar, it must appear to have been a decision upon the merits, "for if the trial went off in any other mode, such judgment is no bar." 1 *Greenleaf on Evidence*, 530.

Again, in 3 *East*, 357, an estoppel is defined as a precise allegation made in pleading on record, and tried and found between the parties. Again "a party is not to be concluded by a judgment in a prior suit or action, where from the nature or course of the proceeding, he could not avail himself of the same means of defence or redress, which are open to him in the second action." 1 *Greenl. on Ev.*, sec. 524.

Where the bill is dismissed for the want of jurisdiction, or because the complainant has an adequate legal remedy, the substance of the cause will remain at large, and redress may be sought at law. *Lore vs. Truman*, 10 *Ohio*, 45.

In the *Duchess of Kingston's Case*, (2 *Smith's Leading*

*Cases, side paye* 674,) it was said: "but neither the judgment of a concurrent nor exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable, nor of any matter to be inferred by argument from the judgment." This rule admits of no exception, and is universally recognized. *Ihmsen vs. Ormsby,* 8 *Casey,* 198, 201; *Tams vs. Lewis,* 6 *Wright,* 402; *Lentz vs. Wallace,* 5 *Harris,* 412.

All the authorities agree that the conclusive effect of a judicial decision cannot be extended by *argument or implication* to matters which were not *actually heard and determined.* *Bennett vs. Holmes,* 1 *Dev. & Batt.,* 486; *Chamberland vs. Gaillard,* 26 *Alabama,* 504; *Mallett vs. Foxcroft,* 1 *Story,* 474; *Spooner vs. Davis,* 7 *Pick.,* 147.

It follows therefore that to constitute the equity record in this case an estoppel, it must appear from the record,

1st. That the same question in issue in this case, was distinctly put in issue in the equity case.

2nd. That the issue in the equity case (supposing it to be identical with the one involved in this) was passed upon and decided by the Court in that proceeding.

3rd. That the issue in the equity case was passed upon and decided by the Court on its *merits.*

4th. That the same means of redress were open to the parties in the equity case, that are invoked in this.

5th. That the controversy is between the same parties.

The principles upon which estoppels are founded, that an issue once tried upon its merits, and a finding had by Court or jury shall be held as conclusive and exclusive upon such issue, has no application to the case at bar. No tribunal anywhere has investigated the truth of the sworn allegations of the appellants' petition in the equity case and determined them adversely. The order in question is explained and is to be interpreted by the opinion filed with it. It affirmatively appears that the issue of the

truth or falsity of the trustee's report so far from being decided upon its merits, was neither "entertained nor decided" in the equity case, and to give to said order the force of estoppel would be to extend its force and character by violent implication to matters not actually heard and determined, and would be to reverse the doctrine universally laid down that estoppels are not favored, and to create one wherein they find none exists.

The position taken by the Court in the equity case compelled the purchasers either to throw over their purchase, no matter how advantageous, if the trustee in fact falsely reported, or to retain it and suffer the wrong imposed by such false report without redress, if the order of the Court now under discussion is the estoppel claimed for it by the appellees.

*Frederick J. Nelson,* for the appellees.

BOWIE, J., delivered the opinion of the Court.

We are relieved from the necessity of investigating the very protracted pleadings in this case, by an agreement of the counsel, incorporated in the record, of the following tenor :

" The question intended to be presented to the Court of Appeals for their review in the appeal in this cause had, is that which is raised by the record pleaded by the defendants in bar of this suit, and the plea of ' *nul tiel record,*' and that said record is not a bar to this suit replied by plaintiff; that this was the question only which was passed upon by the Circuit Court ; that if the Court of Appeals be of opinion that the record pleaded by defendants, is a bar to this case, that the judgment of this Court shall be affirmed, if otherwise, reversed and a *procedendo* awarded, all errors or omissions of pleading waived on either side."

The counsel of the appellees, in support of his motion to dismiss, has insisted the issue of "*nul tiel record,*"

being an issue of fact, to be decided by the Court, can only be reviewed upon a bill of exceptions embodying the evidence, and that the omission of a bill of exceptions, was not one of the errors, or omissions of pleading, intended to be cured by the agreement of counsel. Whatever may have been intended by the counsel, this Court is of opinion, the agreement admits the existence of the record, submits its legal sufficiency as a plea in bar, and thus supersedes the necessity of spreading the proceedings in the Court of Equity, as evidence, in a bill of exceptions.

The plaintiffs' demurrer to the defendants' plea of the order or decree of the Circuit Court for Frederick County, as a Court of Equity, ratifying and confirming the sale in No. 3086, in which demurrer there was a joinder, would bring the same question before us, if there was no agreement.

The record and proceedings of the Circuit Court for Frederick County, sitting as a Court of Equity, being No. 3086 Equity, referred to in the agreement, are set out in the record brought up on this appeal.

It appears from this, that by virtue of a decree in that cause, John Ramsburg, (one of the defendants in this) was appointed trustee to sell certain lands, which he afterwards reported to the Court, he had sold to the *cestuis que use*, in this case (Bruner & Walker,) "subject to the right of Wm. H. Ramsburg, the tenant, to cut and secure the growing crop."

To this report, the purchasers excepted, because of the reservation of the right to cut and secure the crop, alleging, that in truth and fact, said property was not sold subject to said reservation.

The exceptants also filed their petition in said cause, claiming to be purchasers at said sale without reservation, and praying the sale might be ratified, saving and excepting that portion of the report which states it was sold subject to the right of Wm. H. Ramsburg, and that the

conflicting rights of Lewis Bruner and Mary Walker, and of the said Wm. H. Ramsburg, might be left to be ascertained, settled and disposed of, by and between them respectively, and that said ascertainment might not be allowed to delay the rights of the petitioners, as parties in interest, to their distributive portions, of the purchase money.

To this petition the trustee and Wm. H. Ramsburg, filed answers, denying the allegations of the petition, and the Court afterwards passed a final order of ratification, ratifying the report of sale, overruling the exceptions and referring the cause to the auditor.

The appellants have sued the appellees, upon their bond, conditioned for the faithful performance of the duty of the trustee.

The breach assigned in the replication is, that the report filed by the trustee, is false, untrue and in direct violation of his trust, in that he reported the sale subject to the reservation of the right of the tenant to cut, etc. when in truth and in fact, there was no reservation.

To this the appellees rejoined, setting out as a plea in bar the proceedings in equity, with the final order of the Court, alleging the same to be conclusive between the parties.

The appellants surrejoined, denying there was such a record, whereupon issue was joined.

The appellants insist that to operate as an estoppel, it must appear from the record, that the same question was in issue in the equity case, as in this.

2nd. That the question, supposing it to be identical, was decided by the Court of Equity.

3rd. That the case in equity, was decided upon its merits.

4th. That the same means of redress, were open to the parties in the equity case, as are invoked in this.

5th. That the controversy was between the same parties.

The first and fifth positions are answered by the most casual comparison of the pleadings in the cases. It is apparent from the face of these that the matter in issue in both, was the truth of the report of sale by the trustee, subject to the reservation of the right of Wm. H. Ramsburg, to cut and secure the crop.

That constituted the gravamen of the exceptions, filed by the present plaintiffs, in the case in equity, and that was the burden of their complaint in their petition in the same case, and the same is the gist of their replication, assigning breaches in the case at bar.

The parties who were exceptants and petitioners in the equity case, are the equitable plaintiffs in this, and the appellee John Ramsburg was the respondent in equity as he is the defendant at law.

The appellants contend that the Court of Equity did not decide that the reservation *was* in "point of fact made, or that it was *not* in point of fact made; that the opinion leaves no room for doubt as to which was passed upon by the Court, and however comprehensive the language of the final order may be, it cannot enlarge or amplify, or alter, or change the exact questions, which the opinion demonstrates were alone passed upon and adjudged by the Court."

The learned counsel has cited no authority for the position, that the decree is to be limited in its effect, by the opinion of the Court; and after considerable research we have been unable to find any to support it.

Decrees in Chancery formerly in England, recited the leading facts upon which they were founded, and which the Court considered as proved, and contained a synopsis of the pleadings; and for error in law apparent on the face of the decree, they were liable to be reversed on a bill of review; but we find no case in which the *opinion* of the Court is spoken of, as an act of the Court, or a part of the decree, or constituting part of the record.

State, use of Bruner, *et al. vs.* Ramsburg, *et al.*

In this State, and generally in the United States, the decrees are usually general, without any statement of facts ; and " for the purpose of examining into errors of law, the bill, answers, and other proceedings, are, in our practice, as much a part of the record before the Court, as the decree itself ; for it is only by a comparison with the former, that the correctness of the latter can be ascertained." *Story's Eq. Pleadings*, 407 ; 2 *Dan'ls Chy. Prac.*, 1631, *note* (2); *Hollingsworth vs. McDonald*, 2 *Har. & John.*, 230.

The opinion of the Judge is the expression of the reasons by which he reaches his conclusion ; these may be consistent or contradictory, clear, or confused. The judgment or decree is the *fiat* or sentence of the law, determining the matter in controversy, in concise technical terms, which must be interpreted in their own proper sense. It would, we think, be of dangerous tendency to make the force and effect of the most solemn official acts depend upon the various interpretations which ingenuity might suggest to the most carefully considered language introducing them.

The final order of ratification of the trustee's report, directly decided the point in issue between the parties,— the sale of the lands, subject to the reservation as reported.

It established, as far as a Court of original and competent jurisdiction could do, the rights of the respective parties to the property in controversy.

The jurisdiction of the Court over the subject-matter is unquestionable ; the parties had the alternative of an appeal or acquiescence, and adopted the latter.

It is not essential to the operation of a judgment or decree as an estoppel, that they should be legally right. It is enough if the Court has decided the point in issue.

In the case of *Beall vs. Pearre, Adm'r of Brown,* 12 *Md.*, 550, 564, the defendant insisted that the plaintiff's claim had been made a ground of defence in a former action between the defendant's intestate and the plaintiff, was considered and decided adversely to Beall, and, therefore, he was precluded from recovery.

Beall contended his defence was overruled and excluded by the Court, and did not go to the jury, whereby he was deprived of the benefit of his defence. This Court held, it was immaterial whether the ruling in the former case was right or wrong ; "if, however, the Court gave a wrong instruction, that could not confer upon the injured party the right to bring another suit upon the same claim. He might have appealed and had the error corrected." *Smith vs. Whiting*, 11 *Mass. Rep.*, 445 ; *Grant vs. Button*, 14 *Johns. Rep.*, 377, are cited to the same effect.

. It is said by the appellants that the truth or falsehood of the alleged reservation is an issue that has never been determined by any tribunal yet, and the question is asked, "How could the merits be determined upon a simple affirmation and denial, without a particle of testimony on either side?"

If the case was submitted upon the exceptions, petition and answer, as, in the absence of anything in the record to the contrary, we must presume it was, the burden of proof was upon the exceptants and petitioners. No evidence being offered by them to sustain the charge, impeaching the sale, the presumption of law was, that everything was rightly done, and the trustee's report must, of course, have been ratified. The Judge, referring to the allegation of falsehood against the trustee, declared, in his opinion, "he had seen nothing to sustain the charge."

It is not necessary to constitute an estoppel, that the actions should be in the same form, provided the facts in issue are really the same. 2 *Taylor's Evidence, sec.* 1507 ; *Greenleaf's Evidence, sec.* 532.

The usual test is, can the issues be supported by the same evidence?

In our opinion, the record of the case in Equity, presents the decree of a Court of competent jurisdiction, upon the same issues, between the same parties, which, coming incidentally in question, or offered in evidence in any Court,

is conclusive between the parties, upon the question decided, and cannot be impeached on the ground of informality in the proceedings, or error or mistake of the Court in the matter which has been adjudicated. *Raborg's Adm'x vs. Hammond's Adm'r,* 2 *Har. & Gill,* 42; *Barney vs. Patterson,* 6 *H. & J.,* 182; *Fishwick vs. Terrell,* 4 *H. & J.,* 394; *Ranoul vs. Griffie,* 3 *Md.,* 60; 12 *Md.,* 564.

Having confined ourselves, in this opinion, to the single point, selected by the counsel in their agreement, as the only one passed upon by the Circuit Court, and to be reviewed upon this appeal, it is almost unnecessary to say we do not mean to express any opinion upon the broader question of the liability of the trustee, for the acts charged as a breach of the bond.

Finding no error in the ruling of the Court below, the judgment must be affirmed.

*Judgment affirmed.*

(Decided 10th December, 1875.)