ELMER C. WILLIAMS *v.* WILLIAM F. MESSICK
ET AL.

[No. 19, January Term, 1940.]

606

*Decided March 5th, 1940.*

608

The cause was argued before BOND, C. J., OFFUTT, PARKE, MITCHELL, and DELAPLAINE, JJ.

*F. W. C. Webb* and *George H. Myers,* with whom were *E. Dale Adkins, Jr.,* and *Woodcock, Webb, Bounds & Travers,* on the brief, for the appellant.

*L. Claude Bailey* and *William B. Rafferty,* with whom were *Miles, Bailey & Williams,* and *Miles & O'Brien,* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

In *Williams v. Salisbury Ice Company,* 176 Md. 13, 3 A. 2nd 507, the appellant, a minority stockholder in that company, complained of acts of waste and spoliation of its assets by Messick, a controlling stockholder and officer of the company, for the advantage of the Messick Company, a competitor, all the stock in which, except for qualifying shares held within his family, was owned by Messick. The bill of complaint prayed the appointment of a receiver for the Salisbury Company and other relief, but upon testimony taken it was finally dismissed. Now the complainant has brought a second suit to redress the same grievances, against Messick and the Messick Company as well as against the Salisbury Company, and in an answer the respondents have set up a defense of estoppel by the decree in the former suit. The complainant's demurrer to the answer has been overruled, and he has appealed from that action. The respondents demurred to the bill of complaint, but their demurrer was overruled, and is not to be considered.

The answer to which the demurrer has been filed avers that the amended bill on which the first case proceeded, brought against the Salisbury Ice Company alone, prayed the appointment of a receiver of its assets and business until such time as the rights of its creditors and stockholders might be permanently preserved, and such other and further relief as the complainant's case might require; that the grounds alleged for that action were identically the same as those now alleged; that evidence

was adduced to establish those grounds; and that the suit resulted in a decree against the complainant's contentions. The grounds referred to are sufficiently set forth in the report of the former suit. 176 Md. 13, 3 A. 2nd 507. By stipulation of the parties the record of all proceedings in that former suit was made part of those in the present one, for the consideration of the court in ruling on the demurrer. Only one averment, one concerning the value of the book accounts of the Salisbury Company, appears added in the present bill of complaint.

Differentiation of the two suits is founded by complainant on a difference in his position in them, in legal theory, in the addition of Messick and the Messick Company as respondents, and in a difference in the nature of the rights and duties asserted. Whereas Williams in the first suit sued in representation of himself alone, now he sues on behalf of the Salisbury Company, after having requested that company's officers to take action, and having been refused. *Davis v. Gemmell,* 70 Md. 356, 376, 17 A. 259; *Booth v. Robinson,* 55 Md. 419, 439. And the suit is directed against Messick and his company to require an accounting and readjustment from one who, as the controlling stockholder and officer, and at the same time owner of the competing company, was in a fiduciary position with relation to the Salisbury Company and its minority stockholders, and by violation of the duties of that position has been guilty of constructive fraud. *Cumberland Coal & Iron Co. v. Parish,* 42 Md. 598, 605; *Burkhart v. Smith,* 161 Md. 398, 157 A. 299; *Hoffman Steam Coal Co. v. Cumberland Coal & Iron Co.,* 16 Md. 456, 77 Am Dec. 311. While complaining of the same grievances, Williams first sought the receivership of the Salisbury Company as an instrument of relief; now he seeks the relief, without the interposition of a receiver, but acting himself, on behalf of the company. *Pomeroy, Equity Jurisprudence* (5th Ed.), sec. 1095. In the opinion of the court the differences are, for the purposes of this case, immaterial.

It is true that Williams' second suit is on behalf of the corporation and all its stockholders, but it is none the less his suit, for his own benefit as one of the stockholders. Except for the protection of an interest as stockholder he would not be entitled to sue, however strong his proof of the waste and spoliation. Compare *Booth v. Robinson*, 55 Md. 419, 439; *Davis v. Gemmell*, 70 Md. 356, 376, 17 A. 259. And viewing the receivership as a means to redress the grievances, that too would have been relief on behalf of the corporation and all its stockholders, including this complainant, as well as on behalf of creditors if there were any. There is no substantial difference in the complainant's character in the two suits, none sufficient to render him a new and different party in the second.

In his argument, however, he does not view the receivership as a means to the recovery of the relief now prayed, but as a distinct relief in itself, and this conception is at the base of a contention that the issues in the two cases have not been the same. But an ordinary chancery receivership would be only an instrument of the court for the securing of the ultimate relief. It would not be an independent remedy, but one merely ancillary to the main cause of action. "He, (the receiver), is an officer of the court, and the fund or property entrusted to his care is regarded as being *in custodia legis*, to await the ultimate disposal thereof by the court, according to the rights and priorities of the parties concerned." *Gaither v. Stockbridge*, 67 Md. 222, 224, 9 A. 632, 10 A. 309; *Praeger v. Emerson-Brantingham Implement Co.*, 122 Md. 303, 310, 89 A. 501; Note 4 *Ann. Cas.* 67. Even though in the first suit the complainant, after having averred in detail the acts of spoliation, stopped with the prayer for the receivership and that for further relief, his bill could not reasonably be construed as seeking merely to have custody of the assets taken without action toward redress of the grievances which had brought him into court. The prayer for general relief empowered the court to grant whatever the facts complained of

might be found to require. *Townshend v. Duncan*, 2 Bland, 45, 48; *Powell v. Young*, 45 Md. 494, 496; *Sloan v. Safe Deposit & Trust Co.*, 73 Md. 239, 245, 20 A. 922; *Miller, Equity Procedure*, sec. 100. The correction of the alleged spoliation was plainly the object of the first suit, as well as of the second, and appropriate action looking to that end would undoubtedly have followed the appointment of a receiver.

The decision in *Polish-American Building & Loan Ass. v. Dembowczyk*, 167 Md. 259, 173 A. 254, is cited as opposed to this analysis of the suit for a receivership, and as viewing the prayer for an appointment as one for a distinct remedy. Dembowczyk, a woman, owner of savings accounts in the association, had in a former suit sought a receivership for its assets because of insolvency and mismanagement endangering repayment of her funds; and she prayed only the receivership. Her bill in that suit was dismissed, and she then filed a second suit praying that she be paid the amounts due her as a savings depositor before stockholders or free shareholders should be paid. The court found that the two suits were distinct, and that the adjudication in the first did not preclude the relief prayed in the second. Denial of the relief by receivership for the benefit of all interested in the assets was not an adjudication of the complainant's position with relation to stockholders and free shareholders. The court did not decide that a receivership could ever be had as an independent remedy in itself.

Of course, an application for a receivership might be denied on either of two grounds; either because it was considered improper to grant it, whatever the complainant's right on the merits of the case averred (*Johnson v. Stockham*, 89 Md. 368, 378, 43 A. 943; *Williams v. Jones*, 38 Md. 555), or because the rights were not established. And only an adjudication on the second ground would give rise to an estoppel by the decree against asserting those rights again in another action. *Royston v. Horner*, 75 Md. 557, 24 A. 25. Reference to the opinion filed in this court with the decision of the appellant's first case

shows that it was a decision on the proof adduced to establish the grounds of complaint, a decision on the merits, and not a refusal of the aid of a receivership, leaving the question of rights and duties undecided. "The question before us," said the court "is not whether he (Messick) had business interests which could be exercised in conflict and with injustice to the defendant company, but whether, in spite of his other capacity as practical owner and as general manager of a competing corporation, he has acted in good faith in his individual and official dealings with the defendant corporation." That question was decided on the evidence; and the decision must be regarded therefore as one on the merits of the complaint.

The complainant argues that there is still a material difference between seeking the protection of a receivership in the first suit, with the whole burden of establishing the right and need of it then being on the complainant, and the charging of Messick with the duty of accounting for his management of the assets and business of the Salisbury Company, with the burden of showing faithful management on him entirely. Passing by a question whether the receiver, if appointed, might not have proceeded to redress the grievances by the same demand for an accounting, a difference in the grounds advanced for accomplishing the same relief would not prevent the estoppel; as it is commonly expressed, the cause of action being the same, difference in the grounds of action would be immaterial. The relief could be sought only once. 2 *Freeman, Judgments* (5th Ed.), secs. 681, 673. "If a party has a choice between two actions upon the same demand, and he selects one, which is decided by a competent tribunal, either for or against him, as a general rule, he will not be permitted to resort to the other." *Beall v. Pearre,* 12 Md. 550, 566; *Gibbs v. Didier,* 125 Md. 486, 499, 94 A. 100; *Christopher v. Sisk,* 133 Md. 48, 51, 104 A. 355; *State v. Ramsburg,* 43 Md. 325, 334; *Harryman v. Roberts,* 52 Md. 64, 77.

We understand it to be conceded that exactly the same evidentiary facts would have to be presented and considered if this second contest were carried through. And one of the tests commonly applied to determine whether the issues have been the same in two suits is whether in both they could be supported by the same evidence. *State v. Ramsburg, supra;* 2 *Freeman, Judgments* (5th Ed.), secs. 684, 687 and 688.

The fact that Messick and the Messick Company were not parties of record to the first suit here raises a question of greater difficulty, because of the rule that a complainant in a second suit cannot be estopped by a judgment or decree in a first, if the defendant in the second was not bound by that judgment or decree. *McKinzie v. Balto. & O. R. Co.,* 28 Md. 161, 174; *Parr v. State,* 71 Md. 220, 235, 17 A. 1020; *Abramson v. Horner,* 115 Md. 232, 246, 80 A. 907; *Moreland v. Meade,* 162 Md. 95, 107, 159 A. 101. "No party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party now seeking the benefit of the former adjudication would have been prejudiced by it if it had been determined the other way." 1 *Freeman, Judgments* (5th Ed.), sec. 428. That is to say, in his present case against Messick and the Messick Company, Williams cannot be estopped by the determination in the first case, unless Messick and his company would have been prejudiced if the prayers of the first bill had been granted and the receiver appointed. Having been appointed, the receiver would have been under the necessity of suing Messick and the company to enforce from them redress of the grievances complained of, and to support the estoppel now pleaded it would, under the rule as usually applied, have been necessary that in such a suit they would have been precluded from denying liability for the redress to the extent that the complainant had been found entitled to it.

This requirement of mutuality in the incidence of the first judgment is an ancient one, and the explanation more frequently accepted rests only on the general

principle that strangers cannot avail themselves of transactions between others, *res inter alios acta*. *Everest & Strode, Estoppel*, 63; 1 *Freeman, Judgments* (5th Ed.), sec. 407; 1 *Van Fleet, Former Adjudication*, 111; *Bigelow, Estoppel*, 127. One who did not have his rights and interests litigated in a first suit cannot make use of a judgment or decree in it as a defense to a second suit demanding that he litigate them.

The answer has not averred any acts of participation by Messick on behalf of himself and the Messick Company in the first suit. It has not averred that he conducted the defense, paid the expense of it, or was in a position to control it. *Parr v. State*, 71 Md. 220, 228, 17 A. 1020. His participation or control can only be inferred from the papers in the case, in which it is not discussed. But from these it seems sufficiently clear that as controlling stockholder and manager of the Salisbury Company he participated in the defense in its name. He and his associates were the principal witnesses on that side. He knew that the controversy was only between Williams on the one hand, and himself and the Messick Company on the other, that whatever the party named and whatever the method adopted in the first suit, he and that company were the subjects of attack and the object was to reach them, and that the contest on the appointment of the receiver was at their outer defense, so to speak. While no case cited has dealt with precisely this showing of participation or control, some decisions have held closely similar facts sufficient to establish mutuality and the estoppel. *Myers v. Gordon*, 165 Md. 534, 539, 170 A. 186; *Parr v. State, supra; Abramson v. Horner*, 115 Md. 232, 246, 80 A. 907; *Moreland v. Meade*, 162 Md. 95, 107, 159 A. 101. And the court concludes that the showing on the papers before it should be held sufficient.

To draw a distinction between the defense in the name of the Salisbury Company and the direct defense in this second suit, and to regard the present respondents as strangers or non-participants in the first suit, would seem to constitute too great a disregard of realities, and to

relax unjustifiably the rule of fair, orderly, judicature, that there be an end of litigation with one completed proceeding on the same controversy. The complainant has already had the benefit of his one proceeding for the redress sought from Messick and his company; he has obtained a decision on all, or substantially all, of the facts he has had to submit to judgment. "The rule of mutuality is itself based upon policy and practical necessity and justice, as is the whole doctrine of *res judicata*, and on the same grounds of policy and justice there would be no objection to departing from it where the party affected has been given an adequate opportunity to be heard, either personally or by representation." 1 *Freeman, Judgments* (5th Ed.), sec. 429.

No error is found in the order appealed from.

*Order affirmed, with costs.*