## MPC, INC. ᴇᴛ ᴀʟ. *v*. BILLY KENNY

[No. 77, September Term, 1976.]

*Decided January 4, 1977.*

The cause was argued before SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*William H. Clarke*, with whom was *Hugh E. Donovan* on the brief, for appellants.

*Robert K. Nead*, with whom was *J. Martin McDonough, Jr.*, on the brief, for appellee.

LEVINE, J., delivered the opinion of the Court.

This case presents yet another application of the doctrine of res judicata. In this instance, the question arises in an action for contribution between joint tortfeasors brought by appellants against appellees in the Circuit Court for Prince George's County. Having determined that appellants' action was barred by res judicata, which had been asserted by special plea, the court (Bowie, J.) granted appellee's motion for summary judgment. An appeal was taken to the Court of Special Appeals, but we granted certiorari prior to consideration of the case by that court. Because we are not in full agreement with the ruling of the trial court, we shall reverse and remand.

The events culminating in this appeal began on September 1, 1971, when Kathy A. Byroads, then 13 years of age, visited the Upper Marlboro home of her aunt and uncle (the Kennys) and her cousin, Billy Kenny, then 12 years of age and now the sole appellee here. While attempting to elude Billy, who was chasing her, Kathy sustained substantial personal injuries as the result of being pushed by Billy and falling through a plate glass sliding door. Alleging that the glass was of the non-safety variety, Kathy brought an action for damages in the Circuit Court for Prince George's County against these defendants: the Kennys; MPC, Inc., the builder of the house; and Atlantic Venetian Blind & Awning Company (Atlantic), supplier of the glass door. Although Kathy alleged in her declaration that she had been pushed by Billy, her claim against the Kennys was bottomed on their negligence in maintaining the door in violation of the Prince George's County Building Code and in failing to warn her of a dangerous

condition. Her claims against the other defendants were premised on negligence in supplying and installing the non-safety plate glass door. Appellants made no claim for potential contribution against appellee, who was not made a party to that action, either as an original defendant or as a third party defendant.

Virtually on the eve of trial, following many months of pretrial skirmishing, MPC and Atlantic filed motions for summary judgment in which, in relevant part, they sought judgment as a matter of law on the ground that Billy's pushing of Kathy, rather than any negligent conduct on their part, had proximately caused her injuries. A few days later the motions were denied without explanation and apparently without oral argument. Within several more days, the trial commenced. At the conclusion of the plaintiff's case, a motion for directed verdict in favor of the Kennys was granted. A ruling on similar motions made by the other defendants (appellants here) was reserved. With that, the case was settled on the following morning and a consent judgment in the sum of $7,500 was entered against each remaining defendant, resulting in a total recovery of $15,000 in favor of the plaintiff and her father. Since the court reporter's notes are not available to us, we are unable to say with certainty that the proximate cause issue was subsequently raised at the trial.[1]

Several months later, this action for contribution against Billy followed. It was premised on the allegation that his negligence in pushing Kathy was a proximate cause of her injuries, and that he was therefore liable as a joint tortfeasor. In arguing in the circuit court that their claims for contribution were not barred by res judicata, appellants advanced the contention, which they also assert here, that neither the parties nor the subject matter in this case are the same as those involved in the personal injury action. This argument was rejected by the trial court, which held that

---

1. The entire record of the personal injury action is included in the record in this case, and is before us on appeal. The reporter's notes of the trial proceedings, however, were apparently never transcribed, and we rely exclusively on the clerk's memoranda minutes and the papers in the record.

appellants were foreclosed by their failure to make Billy a party in the first case.

It is immediately apparent that the parties to this appeal have failed to recognize the distinction between res judicata, sometimes called direct estoppel, and collateral estoppel, a distinction which, as we recently stressed in *Frontier Van Lines v. Md. Bank & Tr. Co.*, 274 Md. 621, 623, 336 A. 2d 778 (1975), "we intend to observe." The significance of the distinction should be evident from a statement of the two principles. In *Alvey v. Alvey*, 225 Md. 386, 390, 171 A. 2d 92 (1961), we enunciated the basic doctrine of res judicata:

> "The doctrine of res judicata is that a judgment between the same parties and their privies is a final bar to any other suit upon the *same cause of action*, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety *could have been litigated* in the first suit . . . ." (emphasis added).

The delineation between res judicata and collateral estoppel was expressed in *Sterling v. Local 438*, 207 Md. 132, 140-41, 113 A. 2d 389, *cert. denied*, 350 U. S. 875 (1955):

> " . . . If the second suit is between the same parties and is upon the same cause of action, a judgment in the earlier case on the merits is an absolute bar, not only as to all matters which were litigated in the earlier case, but as to all matters which could have been litigated [res judicata]. If, in a second suit between the same parties, even though the cause of action is different, any determination of fact, which was actually litigated in the first case, is conclusive in the second case [collateral estoppel]." (citation omitted).

*Accord, Frontier Van Lines v. Md. Bank & Tr. Co., supra*, 274 Md. at 624; *Travelers Insur. Co. v. Godsey*, 260 Md. 669, 676, 273 A. 2d 431 (1971). As we shall have occasion to indicate more explicitly later, the requirement that the parties be the "same" in the prior and subsequent actions has been modified in recent cases.

Suffice it to say that the question whether this is a case of res judicata on the one hand or collateral estoppel on the other is one of critical importance. If, for example, the two causes of action are the same, and res judicata is therefore applicable, the first judgment would bar appellants, as urged by appellee, from raising any matters which could have been decided in that case, including the claim for contribution being maintained here. If, however, we are not dealing with the same cause of action, collateral estoppel rather than res judicata would apply and only those determinations of fact or issues actually litigated in the first case are conclusive in this action.

Courts elsewhere have applied a variety of tests in determining whether two causes of action are the same for purposes of invoking res judicata. The measure which seems to find favor with most courts, and one which we have applied, is whether the same evidentiary facts would sustain both actions. *See Mettee v. Boone*, 251 Md. 332, 340-41, 247 A. 2d 390 (1968); *Alvey v. Alvey, supra*, 225 Md. at 390; *Williams v. Messick*, 177 Md. 605, 613, 11 A. 2d 472 (1940).

Analysis of the issues framed by these two cases in light of the "same evidence" test demonstrates that a different cause of action is presented here. Presumably, the presentation of Kathy's case contained a narration of the events leading directly to her injuries, including a description of her efforts to elude appellee. It would be difficult to imagine, of course, how appellants might establish their claims for contribution against appellee without presenting that same evidence. Kathy's case against appellants, however, and, to a lesser extent, against appellee's parents, was bottomed on the defective nature of the glass door, more particularly on the allegation that its installation had violated the building code. In short, any case against appellee, whether brought by Kathy or appellants, would necessarily center on the factual circumstances immediately surrounding the accident, while the case against the original defendants focused primarily on the year 1968, during which the house was built and the door was installed. It cannot be said, therefore, that "both [cases]

could be supported by the same evidence." *Williams v. Messick, supra,* 177 Md. at 613. Under the test applied here, the mere fact that the evidence necessary to sustain this action for contribution might have been admissible in the prior case is not necessarily controlling. *Woodbury v. Porter,* 158 F. 2d 194, 195 (8th Cir. 1946). Since the two cases involve different causes of action, res judicata does not apply here.

Our inquiry, however, does not end with the holding that appellants are not totally barred by the first judgment. As we observed earlier, appellants would nonetheless be bound under the doctrine of collateral estoppel, if it is otherwise applicable, in regard to any determinations of fact or issues actually litigated in the first case. Were collateral estoppel to be applied in this case, the result would be to bind appellants by the determination, necessarily implicit in the prior judgment against them, that they were negligent and that their negligence was, at the very least, a proximate cause of the injuries inflicted upon the plaintiff. Although the prior case terminated in a consent judgment entered against appellants, appellee's reliance on collateral estoppel would not be attenuated by that fact. *Cf. Travelers Insur. Co. v. Godsey, supra,* 260 Md. at 676; *see Missler v. Anne Arundel County,* 271 Md. 70, 77-78, 314 A. 2d 451 (1974). The result is the same, for purposes of this case, as it would have been in the event of a general verdict at the hands of a jury.

If appellants are to avoid application of collateral estoppel, they must do so solely on the ground that an identity of parties in the two cases is lacking because of appellee's nonparticipation in the first case. This would, in effect, invoke the requirement of mutuality of estoppel. A complete answer to this argument is found in *Pat Perusse Realty v. Lingo,* 249 Md. 33, 43-45, 238 A. 2d 100 (1968), in which we discarded the traditional requirement of mutuality of estoppel in the context of res judicata. As we there said:

" . . . Public policy against repetitive identical litigation, which underlies the rule of res judicata, applies here with logic and force to provide that Perusse's rights were satisfied by having had its

day in court on an issue, and that it is not entitled to another day in court against a particular defendant on that issue." 249 Md. at 45.

See generally Allen v. Kaplan, 255 Md. 409, 258 A. 2d 211 (1969). The public policy against interminable litigation, of which we spoke in Pat Perusse, applies with equal vigor in cases of collateral estoppel. Prescott v. Coppage, 266 Md. 562, 570-73, 296 A. 2d 150 (1972); State of Maryland v. Capital Airlines, Inc., 267 F. Supp. 298, 303-305 (D. Md. 1967); see generally Blonder-Tongue v. University Foundation, 402 U. S. 313, 91 S. Ct. 1434, 28 L.Ed.2d 788 (1971). Logically, therefore, if a party to an action may be conclusively barred by a stranger to that action in subsequent litigation upon the same cause of action regarding matters which were not even decided, but which could have been, he then may be bound, as against that same stranger, in respect to facts and issues that were actually determined. That a different cause of action is presented affords no sound reason for making a distinction between res judicata and collateral estoppel as to the requirement of mutuality.

Thus, appellee, despite the fact that he was not a party to the prior action, may interpose his defense of collateral estoppel against appellants in regard to the facts and issues actually decided in the prior action. Cf. Frontier Van Lines v. Md. Bank & Tr. Co.; Travelers Insur. Co. v. Godsey; Alvey v. Alvey; Sterling v. Local 438, all supra. In short, appellants have been afforded their day in court on those facts and issues. The decisive criteria, formulated by Justice Traynor in his landmark opinion for the California Supreme Court in Bernhard v. Bank of America Nat. Trust & Sav. Ass'n, 19 Cal. 2d 807, 122 P. 2d 892, 895 (1942), which we cited with approval in Pat Perusse, are:

> "... Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" (emphasis added).

Clearly, appellants, against whom the defense of collateral estoppel is being asserted, were parties to the prior adjudication.

We hold, therefore, that appellants are bound under collateral estoppel by the facts and issues actually determined in the prior case. This result therefore requires a remand for further proceedings in which appellants may seek to prove that appellee was negligent and, if so, that his negligence was a proximate cause of the injuries sustained by the plaintiff in the first case.

> *Judgment reversed; remanded for further proceedings not inconsistent with this opinion; costs to abide the result.*