484 A.2d 314

Ewing C. **WHITAKER**

v.

Irene M. **WHITAKER.**

**No. 204, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

Dec. 6, 1984.

See also 301 Md. 43, 481 A.2d 803.

Christopher C. Henderson, La Plata (Edward S. Digges, LaPlata, on brief), for appellant.

Robert A. Diemer, Lanham (Diemer & Baker, Lanham, on brief), for appellee.

Argued before MOYLAN, GARRITY and KARWACKI, JJ.

KARWACKI, Judge.

Ewing C. Whitaker appeals from a decree of the Circuit Court for Prince George's County granting Irene M. Whitaker, the appellee, equitable relief pursuant to the chancellor's finding that a resulting trust as well as a constructive trust had arisen with respect to certain real and personal property titled in the appellant's name. Because we hold that the doctrine of *res judicata* applies to bar the appellee's claim to the property *sub judice*, we reverse that decree.

The instant appeal provides this Court with an opportunity to review the latest skirmish in the parties' seven year domestic battle.[1] On two prior occasions we have affirmed judgments of the lower court in this litigation. A brief discussion of the factual background of this case is in order to clarify its present procedural posture.

The parties were married on January 24, 1950. Three children were born of the marriage. In June 1977, the

---

1. We hereinafter refer to this appeal as *Whitaker III*.

appellant filed a Bill of Complaint for a divorce *a mensa et thoro,* custody of the minor children and a division of personal property. The appellee countered with a Petition for Accounting, Injunction and Dissolution of Partnership seeking relief with respect to real estate and stock in Bayside Marina, Inc., titled in the appellant's name. In a separate action, the appellee sought a divorce *a mensa et thoro,* custody and support of the minor children, alimony, determination of the ownership of the personal property of the parties, and attorney's fees. These three proceedings were consolidated for trial. The trial court awarded the appellant a divorce *a mensa et thoro,* granted custody of the minor children to the appellee, and ordered the appellant to contribute a sum certain monthly for the support of the children. All other claims for relief by the appellee were denied. The appellee appealed that decree to this Court. In *Whitaker v. Whitaker,* No. 1162, September Term, 1977; filed December 20, 1978 (unreported),[2] we concluded that the chancellor did not err in finding that there was no partnership relationship between the parties.

Shortly thereafter, the appellant filed a Supplemental Bill of Complaint in the trial court seeking a divorce *a vinculo matrimonii.* The trial court, after a hearing on the Supplemental Bill and the appellee's answer thereto, granted the appellant an absolute divorce. That decree also denied the affirmative relief requested by the appellee, including a determination of marital property with a monetary award pursuant to Md. Code (1984) § 8–201 *et seq.* of the Family Law Article. The appellee once again brought the matter before this Court in *Whitaker v. Whitaker,* No. 1076, September Term, 1982; filed April 19, 1983 (unreported).[3]

In that appeal the appellee did not take issue with the correctness of the chancellor's determination that all matters which were raised in the first consolidated trial were

---

**2.** Hereinafter referred to as *Whitaker I.*

**3.** Hereinafter referred to as *Whitaker II.*

*res judicata.* This included judicial resolution of all her claims as to personal property owned by the appellant with specific reference to the appellant's pension. We affirmed the chancellor's decree in all respects except for that portion which denied award of attorney's fees to the appellee's second trial attorney.

The appellee then filed a Bill of Complaint seeking the imposition of a resulting trust upon certain parcels of real estate, the proceeds of certain real properties which had been sold, as well as several items of personal property, all of which properties were titled in the appellant's name. Specifically, those items of property are:

1. 9658 Baltimore Ave., College Park, Md.
   Sold in 1/79 for $75,000
2. 9602 53rd Ave., Hollywood, Md.
   Sold in 1978 for $30,000
3. 12218 Dalewood Dr., Wheaton, Md.
   Sold in 9/79 for $48,000
4. 8434 12th Ave., Langley Park, Md.
   Sold in 1980 for $42,500
5. 5220 Cochran Rd., Beltsville, Md.
6. 48 + acres, Berks County, Pa.
7. 1501–03 NW 37th St., Miami, Fla.
8. 9742 51st Pl., Hollywood, Md.
   (The appellant has ½ interest as tenant in common.)
9. a hunting lodge on three acres in Green County, Va.[4]

---

4. The appellee bases her claim to a resulting trust in the hunting lodge upon an alleged agreement by the parties with respect to the properties listed 1 through 8 above, which were purchased by the appellant during the marriage. The appellee further alleged that although the hunting lodge was purchased by the appellant in 1978, two years after the parties had separated, it was bought with income earned from the eight properties cited above. Therefore the appellee asserts that it is inextricably linked to those properties and any judgment with respect thereto. Inasmuch as the hunting lodge was purchased with funds generated by properties titled in the appellant's name and subject to the appellee's earlier assertions of ownership, the success of the appellee's instant claim to the hunting lodge is necessarily dependent

10. stock in the corporation known as Bayside Marina, Inc.

11. pension rights in the Maryland Judicial Retirement System [5]

It is this action for a resulting trust which forms the basis of the instant appeal.[6]

■ Throughout the proceedings below, the appellant unsuccessfully asserted that *res judicata* barred the appellee's claims. The doctrine of *res judicata* has received frequent attention from the appellate courts of Maryland. In *Alvey v. Alvey,* 225 Md. 386, 390, 171 A.2d 92 (1961), the Court of Appeals stated:

> The doctrine of *res judicata* is that a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit, where the court had jurisdiction, proceedings were regular, and his omission was due to his own negligence.

(citations omitted). In *State v. Brown,* 64 Md. 199, 204, 1 A. 54 (1885), the Court of Appeals quoted with approval the following language of the vice-chancellor in *Henderson v. Henderson,* 3 Hare 115:

---

upon our determination of the vitality of her cause of action with respect to the other eight parcels of real estate *sub judice.*

**5.** The appellant has been employed as a Domestic Relations Master by the Circuit Court for Prince George's County.

**6.** The appellee in her Bill of Complaint below did not seek a constructive trust. In imposing a resulting trust upon fifty percent of the properties listed 1 through 8, 10 and 11 above, the trial court concluded that because the appellant would be unjustly enriched if allowed to retain one hundred percent of the properties, a constructive trust was also applicable. Similarly, the trial court imposed a constructive trust upon the hunting lodge, item 9 above, reasoning that since the appellant purchased that property with the income earned from the investment properties, 1 through 8, equity required that the appellee receive a share in the hunting lodge as well (see footnote 4.)

[W]here a given matter becomes the subject of litigation in, and of adjudication by, a Court of competent jurisdiction, the Court requires the parties to bring forward their whole case, and will not, except under special circumstances permit the same parties to open the same subject of litigation in respect of a matter which might have been brought forward as a part of the subject in contest, but which was not brought forward only because they have from negligence, inadvertence, or even accident, omitted a part of their case. The plea of *res judicata* applies, except in special cases, not only to the points upon which the Court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time.

*See also Ashman v. Ashman,* 201 Md. 445, 451, 94 A.2d 257 (1953); *Moodhe v. Schenker,* 176 Md. 259, 269, 4 A.2d 453 (1939). Although an element of *res judicata* is a second suit premised upon the same cause of action as the first, the courts have not let the ingenuity of the pleader in formulating claims dictate the applicability of the doctrine. In *MPC, Inc. v. Kenny,* 279 Md. 29, 367 A.2d 486 (1977), the Court of Appeals noted that "while a number of tests to determine the doctrine's applicability have been used by the courts of various jurisdictions, the measure which seems to find favor with most courts, and one which we have applied, is whether the same evidentiary facts would sustain both actions." *See Mettee v. Boone,* 251 Md. 332, 340–41, 247 A.2d 390 (1968); *Alvey v. Alvey, supra,* 225 Md. at 390, 171 A.2d 92; *Williams v. Messick,* 177 Md. 605, 613, 11 A.2d 472 (1940). Finally, in *Klein v. Whitehead,* 40 Md.App. 1, 18, 389 A.2d 374 (1978), Judge Wilner quoted from 2 Freeman, *Judgments* (5th ed.) § 687 which states that:

[t]he judgment in the former action will be a bar, provided the evidence necessary to sustain the judgment for the plaintiff in the present action would have authorized a judgment for him in the former. *If this identity of*

*evidence is found, it will make no difference that the form of the two actions is not the same.* (Emphasis in original)

*Id.,* 40 Md.App. at 18, 389 A.2d 374.

With this background, we now look to the circumstances of this case to determine whether the elements of *res judicata* are satisfied, thereby barring the appellee from seeking the imposition of a resulting trust upon the subject property.

■ Throughout this tortuous litigation the appellee has consistently sought a proprietary interest in property to which the appellant has legal title. While we recognize the appellee's tenacity as well as her counsel's ingenuity, we find no merit in the instant action as it amounts to no more than another effort to relitigate a prior adjudicated claim.

■ In order to make a judgment in a prior action between the same parties a bar to a second action, it is only necessary to prove that the subject matter of the two actions is substantially the same; the fact that the forms of action in the two cases are different does not affect the question provided the matter in controversy is the same. *Harryman v. Roberts,* 52 Md. 64, 73 (1879); *Christopher v. Sisk,* 133 Md. 48, 51, 104 A. 355 (1918). The appellee cannot escape the bar of *res judicata* by bringing a new claim on the same cause of action, when that claim differs merely in form but not in substance.

The parties have already litigated the question of ownership of the properties. In *Whitaker I,* the appellee in her Bill of Complaint for divorce *a mensa et thoro* requested that the court determine the ownership of the personal property of the parties and grant relief accordingly pursuant to Md. Code (1984), § 8–202 of the Family Law Article. At the time of the hearing, the appellant had title to the Bayside Marina stock as well as vested rights in his pension system. Likewise, in her unsuccessful Petition for Accounting, Injunction and Dissolution of Partnership, the appellee referred to the alleged partnership property as partially

comprised of parcels of real property held in the appellant's name as well as his stock in Bayside Marina, Inc. At the hearing on that petition, the appellee asserted a partnership interest in the same eight real properties and the Bayside Marina stock on which she now seeks to impose a resulting trust. It is clear then, that as early as 1978, the issue of ownership of all the personal and real properties *sub judice* was litigated and resolved in favor of the appellant.

In *Whitaker II,* the appellee sought affirmative relief in answering the appellant's Supplemental Bill of Complaint for an absolute divorce. The appellee there unsuccessfully sought a monetary award against the appellant on the theory that each of the properties on which she now seeks a resulting trust was marital property. In granting the appellant a divorce *a vinculo matrimonii,* the trial court, in *Whitaker II,* denied the appellee's request for a monetary award. This action by the trial court was not challenged when *Whitaker II* was argued before this Court.

In the instant action, the appellee now claims that she is entitled to a partial interest in the subject properties, this time employing the resulting trust theory as the basis for relief. In her Bill of Complaint, the appellee listed the aforementioned real and personal properties subject to litigation in *Whitaker I* and *Whitaker II.* It is upon these identical properties that the appellee requests the imposition of the resulting trust.

We find that the necessary elements of *res judicata* have been satisfied in this case. Throughout the numerous proceedings consolidated for trial as *Whitaker I* and in the case at bar, *Whitaker III,* the parties have remained the same. *See Alvey v. Alvey, supra.* Additionally, while the appellee's legal theories in support of her claim have been altered, the substance of her claim has remained the same; the appellee has sought an interest in the appellant's properties. Furthermore, the appellee has raised essentially the same evidentiary bases to support her claim in *Whitaker I* and in the instant case; *i.e.,* the appellee alleged that she

contributed funds and services or was a source of funds to purchase the properties, and that it was the intention of the parties that the appellee would have an interest in the acquired properties, whether as a partner or as a co-tenant. *See Mettee v. Brown, supra; Alvey v. Alvey, supra; Williams v. Mesnick, supra; Klein v. Whitehead, supra.*

In concluding that *res judicata* is applicable to the circumstances of this case, we are reminded that the doctrine is founded upon two maxims; the one, "it is [in] the interest of the State, [that] there should be an end to litigation"; the other, "no man should be twice sued for the same cause." *Whitehurst v. Rogers,* 38 Md. 503, 513 (1873); *Ex parte Carlin,* 212 Md. 526, 533, 129 A.2d 827 (1957). Clearly, this is a case where it is to the benefit of our judicial system as well as to the individual appellant that this Court call a halt to the appellee's repeated efforts to establish a proprietary interest in the appellant's property. Finally, because we conclude that *res judicata* bars the appellee's claims to a resulting trust, we find it unnecessary to address the other contentions raised by the appellant in this appeal.

JUDGMENT REVERSED;

COSTS TO BE PAID BY THE APPELLEE.