850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jason Victor HAMM-BEY, Plaintiff-Appellant,
v.
Michael Joseph COLE, Corporal, Defendant-Appellee.
 No. 88-7064.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 11, 1988.
Decided: June 24, 1988.
 
 Jason Victor Hamm-Bey, appellant pro se.
 Before WIDENER, MURNAGHAN and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jason Hamm-Bey appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. Hamm-Bey has fully litigated in state court the issue he raises here. Because the principle of collateral estoppel applies to Sec. 1983 actions, Allen v. McCurry, 449 U.S. 90 (1980), and the district court was required to give the state court judgment the same effect as would Maryland courts, Haring v. Prosise, 462 U.S. 306, 314-15 (1983), the district court correctly found Hamm-Bey's claim precluded. Under Maryland law, collateral estoppel applies if the identical issue was raised in a prior action, there was a final judgment on the merits in the prior action, and the estopped party was a party to the prior action. Mears v. Town of Oxford, Maryland, 762 F.2d 368, 374 (4th Cir.1985) (citing MPC, Inc. v. Kenny, 279 Md. 29, 367 A.2d 486 (1977)). Collateral estoppel applies in both civil and criminal cases in Maryland, Cook v. State, 281 Md. 665, 381 S.E.2d 671, cert. denied, 439 U.S. 839 (1978), and all the requirements are met in this case. Dismissal was, therefore, proper.
 
 
 2
 Accordingly, we deny appointment of counsel and affirm the judgment of the district court. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 3
 AFFIRMED.