## JAMES H. PEACOCK *v.* RECEIVERS OF THE BRAILER MINING COMPANY.

[No. 4, April Term, 1929.]

*Decided May 23rd, 1929.*

The cause was submitted on briefs to BOND, C. J., PATTI-SON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Edward J. Ryan,* for the appellant.

*John G. Miller,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

On July 3rd, 1926, an order was passed, on petition of the Brailer Mining Company, dissolving said company and appointing receivers to take charge of its property, collect outstanding indebtedness due said corporation, sell and dispose of its property, pay its debts, and distribute remaining proceeds to the parties entitled thereto. On January 29th, 1927, the receivers filed a petition in which they alleged that, at the time they took over the affairs of said company, there were certain claims of the United States government pending before the Internal Revenue Department for additional taxes, which claims were being contested by said company, and that prior to the appointment of the receivers the company had employed James H. Peacock, a certified public accountant, to represent it before said department, and, as such questions were still pending at the time of the appointment of the receivers, they continued the services of said Peacock, so that said tax questions could be properly handled and disposed of; that said questions were based upon additional assessments for the years 1919 and 1920; that as a result of the services of said Peacock the company was saved $4,075.98 in taxes. The receivers recommended and prayed the court to pass an order allowing said Peacock a fee of $1,018.99, twenty-five per cent. of the amount saved, for his services. On said petition the court passed an order allowing said fee, and authorizing the receivers to pay it out of the funds in their hands. Whereupon the receivers paid the fee without waiting for an audit. In the auditor's report, filed on April 7th, 1927, this fee was allowed. On April 21st, 1927, one of the stockholders of the company filed exceptions to the audit, mainly on the ground of the allowance of this fee, and after a hearing the court, on September 29th, 1927, ratified the auditor's report "except as to the sum of $418.99, disallowed as aforesaid, to James H. Peacock, and which is hereby adjudged to be payable by him to the said receivers."

On June 19th, 1928, the court passed an order "that the said James H. Peacock be and he is hereby ordered and

directed to pay over to the receivers of the Brailer Mining Company the said sum of $428.99 (should be $418.99), which was disallowed to him in said audit after payment to him by the said receivers, and that said payment by the said Peacock to the said receivers of the Brailer Mining Company be made within sixty days from this date; and that a copy of this order be served on the said James H. Peacock on or before the 30th day of June, 1928."

An appeal from this order was entered by Peacock on August 10th, 1928.

The appeal does not purport to be from the order of September 29th, 1927, sustaining the exception to the audit as to $418.99 of the amount allowed Peacock. But even if it could be treated as an appeal from that order, it would be too late.

The propriety of that order is therefore not now open to review. And assuming, as we must, the correctness of the order of September 29th, 1927, there was no error in the order appealed from.

*Order affirmed, with costs to appellee.*