HENRY SHIRK *v.* W. J. SNEERINGER ET AL.
[No. 4, October Term, 1932.]

*Decided October 19th, 1932.*

The cause was heard before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* for the appellant.

*Knapp, Tucker & Thomas,* submitting on brief, for W. J. Sneeringer, appellee.

*Edward L. Ward,* submitting on brief, for James L. Horner, appellee.

BOND, C. J., delivered the opinion of the Court.

The appellant, in 1928, filed exceptions to the ratification of an auditor's account of distribution of money of a trust estate, objecting to two claims on which dividends had been allowed, and, upon hearing had, the claims were found valid and his exceptions were overruled; and in 1931 he excepted to the ratification of an account of the next distribution, again objecting to the two claims, with a demand of full proof of them and an offer of proof of additional—but not new—facts to support his objections. The question is whether the exceptions to the two claims can thus be litigated twice, and the answer is obvious. The lower court refused to consider the second exceptions, and this court concurs in the action.

The appellant refers to decisions on applications for the reopening of decrees or orders of ratification, upon exceptions subsequently filed. *Whitlock Cordage Co. v. Hine,* 125 Md. 96, 93 A. 431; *Perkins v. Peninsula Trust Co.,* 130 Md. 220, 100 A. 377. But, broad as may be the power of a court to grant the relief in such cases, it yields, in cases of second exceptions filed to accounts after adjudication of earlier exceptions, to the rule that the court cannot permit litigation of the same subject by the same parties twice. Once the appellant in this case had litigated the question of the validity of the claims, and the court had, at his instance,

adjudicated that they were valid, their validity became, as to him, a settled fact. No offer of additional evidence, or evidence of newly discovered facts, and no deferred demand for full proof, could serve to secure him a second adjudication on new exceptions. *Slingluff v. Hubner,* 101 Md. 652, 61 A. 326; *Peacock v. Receivers of Brailer Min. Co.,* 157 Md. 376, 146 A. 240. The principle of *res judicata* "extends not only to the questions of fact and of law, which were decided in the former suit, but also to the grounds of recovery or defense which might have been, but were not, presented." *Beloit v. Morgan,* 7 Wall. 619, 622, 19 L. Ed. 205; *State v. Brown,* 64 Md. 199, 204, 1 A. 54, 6 A. 172; *Herman, Estoppel and Res Judicata,* secs. 74, 99, and 100; 1 *Van Fleet, Former Adjudication,* 290.

There is no merit in the second exceptions or in the appeal.

*Order affirmed, with costs to the appellees.*