WHITE ET UX. *v.* ATHEY ET UX.

[No. 293, September Term, 1961.]

*Decided June 5, 1962.*

The cause was submitted to BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and MARBURY, JJ.

Submitted on brief by *James C. Christopher,* for appellants.

Submitted on brief by *Theodore L. Miazga, John J. Mitchell* and *Miazga, Miazga & Mitchell,* for appellees.

PER CURIAM.

This is an appeal from an order of the Circuit Court for Montgomery County dismissing a bill essentially for the specific performance of an alleged contract for the sale of real estate, brought by the plaintiffs-appellants, the Whites, as purchasers, against the defendants-appellees, the Atheys, as sellers. The bill also sought an order requiring the defendant Watkins as Clerk of the Circuit Court to record a deed conveying the property, which had been executed, but not acknowledged, by the sellers. The bill and answer indicate a controversy over the merits of the case, but the trial court found it unnecessary in this proceeding to go into that controversy and decided the case solely on the basis of *res judicata*.

The Whites entered into negotiations with Edward M. Athey for the purchase of land owned by the latter, most, if not all, of which the Whites had been renting for some time. As a result of these negotiations a short and rather informal agreement was signed by them on July 23, 1957. Mary E. Athey, wife of Edward M., did not join. This document was indefinite as to some terms and the appellants now concede that of itself it was insufficient to serve as the basis of a decree for specific performance. Largely because of the discovery of an existing mortgage not known to the Whites at the time of signing the agreement of July 23rd, further negotiations followed, which, the Whites assert, resulted in a new agreement between them and Mr. and Mrs. Athey, and the signing by the Atheys late on the night of August 9, 1957, of the deed above referred to. The bill alleges that there was no notary then available and that the Atheys were to return the next day and acknowledge the deed. They did not do so, the deed apparently remained in the hands of the settlement attorney, and the Atheys later undertook to repudiate the entire transaction, though they accepted some relatively small payment or payments which were referable to a contract of sale.

After the Atheys refused to go on with the sale they brought a suit for rent against the Whites. The latter countered by bringing a bill in equity (through counsel other

than their present counsel) for specific performance of the alleged contract of sale of July 23, 1957. The Atheys answered, testimony was taken and the Whites' bill was dismissed, without opinion, by Judge Pugh. No appeal was taken. The testimony was not transcribed, but the bill and answer in that case were before Judge Shure in this suit and are in the record before us. The bill in the first suit, which was filed on July 28, 1958, referred to the transactions now relied upon in support of the present bill.

Subsequent to the dismissal of the Whites' first bill, the Atheys brought another landlord and tenant action against the Whites and the latter then filed the present bill.

We think that Judge Shure correctly held that the present suit is barred by the doctrine of *res judicata*. It is true that the appellants sought in their first suit specific enforcement of the contract or alleged contract of July 23, 1957, and that they now seek to enforce a revised and later contract on the basis of an alleged agreement and the signed but unacknowledged deed of August 9, 1957. Even without the testimony at the prior suit bearing upon each question of fact there involved and without any opinion of the court in that suit showing just what questions of fact were determined (cf. *LeBrun v. Marcey,* 199 Md. 223, 86 A. 2d 512), we think that this case falls within the holding of *State v. Brown,* 64 Md. 199, 204, 1 A. 54, citing *Beloit v. Morgan,* 74 U. S. (7 Wall.) 619, 622, that the "principle of *res judicata* * * * 'extends not only to the questions of fact and of law, which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented.'" This rule has been applied many times. See, for example: *Albert v. Hamilton,* 76 Md. 304, 25 A. 341; *Barrick v. Horner,* 78 Md. 253, 27 A. 1111; *Hill v. McConnell,* 106 Md. 574, 577-78, 68 A. 199; *Bernstein, Cohen & Co. v. Stansbury,* 119 Md. 316, 319-20, 86 A. 349; *Shirk v. Sneeringer,* 163 Md. 265, 267, 162 A. 520; *Moodhe v. Schenker,* 176 Md. 259, 269-70, 4 A. 2d 453; *Fidelity-Baltimore National Bank v. John Hancock Mutual Life Ins. Co.,* 217 Md. 367, 371, 142 A. 2d 796; *Alvey v. Alvey,* 225 Md.

386, 390-391, 171 A. 2d 92. Clearly, the alleged contract based upon the negotiations of August 9, 1957, could have been asserted in the first suit.

We hold that *res judicata* is applicable, and in view of this holding we find it unnecessary to consider either of the other questions presented.

*Order affirmed, with costs.*