## JOHNSON ET UX. v. STATE ROADS COMMISSION OF MARYLAND

[No. 329, September Term, 1961.]

*Decided June 18, 1962.*

*Motion for rehearing filed July 18, 1962, denied July 23, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

*Linwood L. Clark* and *C. Maurice Weidemeyer,* for appellants.

*William J. McWilliams, Special Attorney,* with whom were *Thomas B. Finan, Attorney General,* and *Joseph D. Buscher, Special Assistant Attorney General,* on the brief, for appellee.

PER CURIAM:

This case is the finale to *State Roads Comm. v. Johnson,* 222 Md. 493 (1960), in which this Court held, in a suit in equity to quiet title, that the State Roads Commission was vested with fee simple title to the strip of land the ownership of which was therein contested. The losing parties in that case, the Johnsons, then sought to establish, in a suit at law for trespass *q. c. f.,* that they have obtained title to the strip by adverse possession. The trial court granted a directed verdict for the State Roads Commission on the ground of *res judicata.* We think the trial court was right.

Our decision in *State Roads Comm. v. Johnson* established that on June 8, 1960, the Commission was the owner of the strip. The mandate remanded the case "for the passage of a decree declaring that the appellant is vested with fee simple title to the strip in question." The lower court passed such a decree on December 30, 1960, and no appeal therefrom was taken.

It is well established that a judgment between the same parties as to the same subject matter is *res judicata* not only as to the points actually raised in the former proceeding but also as to those which could have been raised. *Alvey v. Alvey,* 225 Md. 386, 390-391 (1961), and *White v. Athey,* 229 Md. 28, and cases therein cited. The claim of the Johnsons of adverse possession in the present case is the same claim that they made in the former case, with the same starting point in time. The bill of complaint in the first case included an averment that the Johnsons and their predecessors in title "have been in continuous and peaceable possession of said land and improvements for the statutory period" (beginning in 1937), and the interrogatories and answers filed in the case referred to this claim and the State's position in regard to it. As it happened, the Johnsons eventually decided in the former case not to rely on adverse possession but to seek relief on other grounds, which the opinion of this Court in that case decided were unsound. It is clear to us that the Johnsons lost the right to claim title by adverse possession when the prior case was decided against them.

*Judgment affirmed, with costs.*