NUTTER ET AL. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.

[No. 42, September Term, 1963, (Adv.).]

*Decided April 30, 1963.*

*Per Curiam,* April 30, 1963.

Opinion, filed June 28, 1963.

The cause was argued before BRUNE, C. J., HENDERSON, PRESCOTT, MARBURY and SYBERT, JJ.

*Douglas H. Gordon,* with whom was *C. Rider Brandau, Jr.* on the brief for appellants.

*David Ross,* with whom were *Arthur W. Sherwood* and *Ober, Williams, Grimes & Stinson* on the brief for Non-Profit Housing Company of Baltimore, Inc. part of appellees; *Francis B. Burch,* and *John A. Dewicki,* Assistant City Solicitor, on the brief for Mayor and City Council of Baltimore, other appellees, all of Baltimore, Maryland.

PRESCOTT, J., delivered the opinion of the Court.

This is an appeal from a decree dismissing the plaintiffs' bill of complaint, which prayed that the Mayor & C. C. of Baltimore and its Building Inspection Engineer be enjoined from granting a building permit to Non-Profit Housing Company (Non-Profit); that the Board of Municipal and Zoning Appeals (the Board) be ordered to cancel a permit originally granted to Non-Profit on September 28, 1960, and the then current extension thereof; and that Non-Profit be restrained from seeking a building permit with the variances authorized by the Board's resolution of September 28, 1960, and subsequent extensions.

We decided the case earlier by a *per curiam* order; we now give the reasons for our decision.

This is the second chapter wherein Mr. Nutter, *et al.,* have shown their displeasure at the Board's action in granting a variance which authorized a permit to Non-Profit for the construction of an apartment house. The first chapter is found in *Nutter v. City of Baltimore,* 230 Md. 6, 185 A. 2d 360. The

facts up to the time of that appeal are fully set forth therein. We shall, therefore, outline them very briefly, and state what has transpired since.

As indicated above, the Board granted a variance to Non-Profit authorizing a permit to erect an apartment building. Under the provisions of an ordinance, the grantee of such a privilege was required to exercise the rights conferred by it within six months of the final action validating said privilege. Due to certain matters beyond the control of Non-Profit, it was unable to take advantage of the privilege within six months. The board, therefore, granted it three extensions of six months each, the last one being in March of 1962. Within thirty days thereafter, the appellants, there and here, appealed to the Baltimore City Court "from the action of the Board * * * dated March 7, 1962, and the earlier orders of the said Board * * *." That court dismissed the appeals. We held that the appeals which were not taken within thirty days of the orders appealed from were properly dismissed, but the appeal from the last order was timely and should not have been dismissed. We further held that although Judge Foster dismissed the appeal, he actually passed upon the propriety of the Board's extension of March 6, 1962, and we affirmed his ruling thereon. In doing so, we pointed out that appellants, in their petition of appeal, alleged that the zoning change sign posted on the property gave notice only that the approval sought would be fewer parking spaces than the usually required seventy per cent of the number of apartments, and did not warn of the increased height, additional coverage of the lot and restricted back yard. However, they failed to press the point below and here. It was mentioned briefly in the statement of facts in appellants' brief. Under these circumstances, we held "the point [was] not before us for decision." The day after our mandate issued, appellants instituted this suit.

Upon the above facts, appellants and appellees raise several questions, but, in the view we take of the case, it will be necessary to determine but one. Appellants contend that the doctrine of *res judicata* cannot apply because "the merits of the case have never been adjudicated," as the Court of Appeals said "the point is not before us for decision."

Appellants apparently misunderstand why the point was not "before us for decision." (Their only real contention herein is that the Board lacked jurisdiction to grant the variance, *etc.*, because of a defective notice.) It was because of their failure, through lack of diligence or deliberate and considered action, to present it to the Court properly. Although the above mentioned contention was not specifically "before us for decision," the only reason that it was not was the fact that appellants by failing to raise and argue it in their brief waived the same. Maryland Rule 831, 831 C 2, 831 C 4; *Comptroller of Treasury v. Aerial Products,* 210 Md. 627, 644-645, 124 A. 2d 805; *Mullan v. Mullan,* 222 Md. 503, 161 A. 2d 693. Other contentions presented and argued in their brief were considered and decided. And the existence of jurisdiction in the Board to pass the original resolution and each of the extensions was a necessary element of our previous decision. *Res judicata* (without setting forth the doctrine at length as we have done so quite recently and quite frequently) applies not only to every issue between the same parties expressly decided in a prior case, but also to every matter which properly might have been presented. *White v. Athey,* 229 Md. 28, 181 A. 2d 466; *Johnson v. State Roads Comm.,* 229 Md. 151, 182 A. 2d 346; *Alvey v. Alvey,* 225 Md. 386, 171 A. 2d 92; 30A Am. Jur., *Judgments,* § 376; 50 C.J.S., *Judgments,* § 723. We, therefore, hold that appellants are precluded from again raising the issue previously raised and abandoned by them.

This concludes our reasons for the *per curiam* order.