## AUSTIN *v.* AUSTIN

[No. 288, September Term, 1963.]

*Decided April 13, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and MARBURY, JJ.

*Michael J. Schwarz* for appellant.

No brief and no appearance for appellee.

PER CURIAM.

On May 13, 1963, Judge Jones granted the appellee an absolute divorce on the ground of appellant's having committed adultery, and dismissed appellant's complaint, which had prayed a divorce on the ground of abandonment. Within the time prescribed by Maryland Rule 690, appellant sought a rehearing, after obtaining new counsel.

Her petition alleged that she had "available new, other and

additional evidence that, had it been presented in open court at the time of trial would have had an important and material effect" on the court's decree; "that by way of new, other and additional evidence your petitioner says that the [appellee] did on numerous occasions commit adultery with divers women." The petition was verified by appellant alone.

The petition was answered, and counsel for both parties were heard by the court. Counsel for appellant was asked to state the reasons why the additional evidence could not have been presented at the trial, and "what is the new, other and additional evidence." Neither question was answered directly or specifically. The Chancellor denied the petition.

Rule 690 provides that the petition "shall contain the special matter on which such hearing is applied for * * * and the facts therein stated, if not apparent on the record, shall be verified by the party, or some other person." The allegations in appellant's petition were, we think, too general in nature to comply with this Rule. The name of no witness was given, nor were there allegations as to what the witnesses would testify to. The allegations were no more than conclusions of the appellant.

It is well-established law that the granting or refusal of a rehearing is in the discretion of the trial court, and, in order that an appeal from its action be successful, there must be a showing of injustice to the petitioner or an abuse of discretion by the court, *Holcomb v. Fender*, 203 Md. 480, 101 A. 2d 814, neither of which was shown here.

*Order affirmed, appellee to pay the costs.*