**ROBART WOOD & WIRE PRODUCTS CORP., Appellant,**

v.

**NAMACO INDUSTRIES, INC., formerly known as National Mattress Company, Inc., Appellee.**

No. 85–2195.

United States Court of Appeals, Fourth Circuit.

Argued April 10, 1986.

Decided Aug. 5, 1986.

William D. Levine (Marshall and St. Clair, on brief), for appellant.

E.M. Kowal, Jr. (Cheryl L. Connelly, Charles F. Bagley, III, Campbell, Woods, Bagley, Emerson, McNeer and Herndon, on brief), for appellee.

Before RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

CHAPMAN, Circuit Judge:

Plaintiff, Robart Wood & Wire Products Corp. (Robart), filed this action in the United States District Court for the Southern District of West Virginia to enforce the judgment it had obtained against Namaco Industries, Inc. (Namaco), in the courts of New York. Namaco contested the validity of the New York judgment, arguing that the New York proceedings did not meet due process requirements. The district court agreed and dismissed Robart's complaint. Robart has appealed arguing that 28 U.S.C. § 1738 (1982) requires that the district court give full faith and credit to the New York judgment. We agree and, therefore, reverse.

## I

Robart brought suit in New York against Eclipse Sleep Products, Inc. and Namaco seeking to recover $11,120.02 for goods delivered to these defendants. The defendants were served with a summons on March 16, 1978. On April 4, 1978, the law firm of Redleaf, Ain, Geduldig and Farinacci, P.C., entered an appearance on behalf of both defendants and demanded service of a copy of the complaint. Settlement negotiations began and continued for several years. On May 7, 1982, apparently after negotiations had reached an impasse, counsel for Robart served a verified complaint upon counsel for the defendants. On October 1, 1982, nearly five months later, the court permitted Redleaf, Ain, Geduldig and Farinacci, P.C., to withdraw as counsel for the defendants. The order permitting withdrawal recites that the defense counsel had provided proof of service of the withdrawal motion upon the defendants.

On November 9, 1982, Robart's counsel sent notice of an application for a default judgment to Redleaf, Ain, Geduldig and Farinacci, P.C.; this notice stated that a hearing was to be held on November 23, 1982. On December 2, 1982, counsel for Robart sent a "Notice of Settlement" to Redleaf, Ain, Geduldig and Farinacci, P.C. indicating that an order would be presented for settlement before the New York Supreme Court on December 8, 1982. Subsequently, the New York Supreme Court entered a default judgment against the defendants jointly and severally in the sum of $11,120.02, plus interest and costs.

In an attempt to enforce this judgment, Robart initiated the instant action in the United States District Court for the Southern District of West Virginia. Robart moved for summary judgment on the basis that it had a valid judgment of the New York courts which was properly authenticated and thus entitled to full faith and credit in the Southern District of West Virginia. Namaco opposed summary judgment on two grounds. First, Namaco argued that the New York court lacked personal jurisdiction over it. Second, Namaco asserted that its procedural process rights were violated in the New York court proceeding because it received no notice that the law firm of Redleaf, Ain, Geduldig and Farinacci, P.C., was withdrawing from the case. For this reason Namaco argued that the New York judgment was void.

The district court held that Namaco's first argument was without merit because counsel for Namaco had entered a general appearance in the New York proceeding, thus consenting to the court's personal jurisdiction. The district court, however, agreed with Namaco that lack of notice of its counsel's withdrawal cast a shadow over the validity of the New York judgment. The district court, therefore, held that there was a genuine issue of material fact and summary judgment would be inappropriate.

Robart moved the district court to reconsider its decision on the motion for summary judgment. For the purposes of its motion to reconsider, Robart stipulated that Namaco never received notice of its attorney's motion to withdraw. Robart argued that Namaco had chosen its counsel and empowered the counsel to appear on its behalf. Thus, any failure of counsel to protect Namaco's rights was a matter between Namaco and its counsel, and did not require the relitigation of Robart's claim. The district court denied Robart's motion for reconsideration because the court was not satisfied that Namaco had been afforded the process which New York law required in the New York court proceedings.

Robart has appealed the denial of its motion to reconsider. The sole issue presented for review is whether the district court erred in refusing to give full faith and credit to Robart's New York judgment. We are convinced that the district court erred, and we reverse.

## II

Title 28 U.S.C. § 1738 requires that full faith and credit be given by the federal courts to the judicial proceedings of every state, territory or possession. The purpose for this clause is to establish, throughout the federal system the salutary principle of the common law that once litigation is pursued to judgment, that judgment shall be as conclusive of the rights of the parties in every other court as in the court where the judgment was rendered. *Milwaukee County v. White Co.* 296 U.S. 268, 56 S.Ct. 229, 80 L.Ed. 220 (1935). The burden, therefore, of undermining the decree of a state rests heavily upon the assailant. *Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945).

Namaco now concedes that the New York court had personal jurisdiction over it and subject matter jurisdiction over the controversy. The judgment of that court is regular on its face, it has been properly certified and authenticated. Under these circumstances, 28 U.S.C. § 1738 requires the United States District Court for the Southern District of West Virginia to extend full faith to the judgment of the New York court. On appeal, Namaco also argues that, because of alleged violations of New York procedural laws, the New York courts would not enforce this judgment. That may be, but the place to attack the New York judgment is in New York, and not in the Southern District of West Virginia. Persuaded, therefore, that the district court erred in failing to extend full faith and credit to this judgment, we reverse.

REVERSED.