Sean J. O'REILLY, Plaintiff–Appellant,

v.

COUNTY BOARD OF APPEALS FOR MONTGOMERY COUNTY, MARYLAND, Defendant–Appellee.

No. 89–1710.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 1, 1989.

Decided April 13, 1990.

mand, the district court should consider those issues, if appropriate.

Edwin Vieira, Jr., Independent Hill, Va., for plaintiff-appellant.

Karen L. Federman Henry, argued, Asst. County Atty., Rockville, Md., Clyde H. Sorrell, County Atty., Linda D. Berk, Sr. Asst. County Atty., on brief, Rockville, Md., for defendant-appellee.

Before MURNAGHAN and WILKINS, Circuit Judges, and HARVEY, Chief United States District Judge for the District of Maryland, sitting by designation.

WILKINS, Circuit Judge:

Sean J. O'Reilly appeals from the decision of the district court dismissing his claim brought pursuant to 42 U.S.C.A. § 1983 (West 1981) against the County Board of Appeals for Montgomery County, Maryland (Board). The district court determined that O'Reilly's action was precluded by collateral estoppel. We reverse and remand.

I.

The Montgomery County Department of Transportation (DOT) issues Passenger Vehicle Licenses which are required of all taxicab operators in Montgomery County. In September and November 1985 the DOT awarded 20 licenses including one awarded to O'Reilly, a resident of Virginia. Because the number of qualified applicants exceeded the number of licenses to be awarded, several applicants were denied a license. Some of the applicants who had been denied a license appealed the licensing decisions of the DOT to the Board which conducted a de novo review. At the conclusion of this proceeding, the Board made new determinations regarding which applicants should be awarded licenses. O'Reilly was among those who were ultimately denied a license. Five of the applicants who received licenses had less experience driving taxicabs than O'Reilly who had three and one-half years experience driving taxicabs in Montgomery County. All of the applicants who received licenses were residents of Maryland.

O'Reilly appealed the decision of the Board to the Circuit Court for Montgomery County, Maryland. In this administrative appeal, O'Reilly claimed that geographical familiarity with Montgomery County was the key factor in the Board's decision and that familiarity was linked to residence. He requested that the court invalidate the Board's decision using a strict standard of constitutional scrutiny. He also filed a civil rights action in state circuit court alleging that the denial of a license and the requirement that he provide a transcript of the hearings before the Board in order to file an administrative appeal violated his constitutional rights. The state circuit court dismissed the civil rights action on the ground that O'Reilly had not exhausted his administrative remedies. The Maryland

Court of Special Appeals ultimately affirmed.

After dismissal of the civil rights action but before the decision by the Court of Special Appeals, the state circuit court decided the administrative appeal and affirmed the decision of the Board. It found that residence was "considered only insofar as it related to familiarity, with no preference, *per se*, given to Montgomery County residents over non-resident applicants." It also found that "the decision of the Board is well supported by the evidence, and ... its action was not arbitrary, unreasonable or illegal." O'Reilly did not appeal this decision but instead moved the state circuit court to schedule further proceedings in the civil rights action. However, the state circuit court granted the motion of the Board to strike O'Reilly's motion on the ground that the civil rights action had been dismissed and the dismissal had now been affirmed on appeal.

O'Reilly then filed an action in federal court pursuant to 42 U.S.C.A. § 1983 claiming that in determining familiarity with the geographical area, the Board considered an applicant's residency as the primary criterion. He contends that this violated the privileges and immunities clause, U.S. Const. art. IV, § 2, cl. 1, the commerce clause, U.S. Const. art. I, § 8, cl. 3, and the privileges and immunities, due process and equal protection clauses of the fourteenth amendment, U.S. Const. amend. XIV, § 1. O'Reilly also claimed that the requirement that he provide a transcript before filing an administrative appeal violated his due process rights. The district court found that the final judgment of the state circuit court precluded O'Reilly from asserting the factual argument that the Board impermissibly denied him a license because he is a nonresident of Montgomery County. It also found that the transcript requirement did not violate O'Reilly's due process rights.[1]

## II.

As the district court correctly noted, state court judgments are given preclusive effect in subsequent section 1983 actions brought in federal court. *See University of Tennessee v. Elliott*, 478 U.S. 788, 796, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986); *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 80–85, 104 S.Ct. 892, 895–98, 79 L.Ed.2d 56 (1984). A federal court must "give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Migra*, 465 U.S. at 81, 104 S.Ct. at 896 (quoting *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982)). Thus, Maryland law is controlling on the issue of whether O'Reilly is precluded from asserting his claim that the Board unconstitutionally relied on his nonresidence in denying him a license.

Under Maryland law, collateral estoppel, or issue preclusion, applies only if it is established that (1) the issue decided in the prior adjudication is identical to the issue in the present action, (2) there was a prior final judgment on the merits, and (3) the party against whom the decision is being used was a party in the prior action. *MPC, Inc. v. Kenny*, 279 Md. 29, 35, 367 A.2d 486, 490–91 (1977). It is undisputed that O'Reilly was a party in the prior action in the state circuit court and a decision was rendered on the merits. Thus, the only question is whether the issue raised and decided in the state circuit court is identical to the issue in the present action.

The district court noted that to prevail on his section 1983 claim, O'Reilly must show that he was denied a license because he is a nonresident of Montgomery County. Finding that the state circuit court had held that there was no basis for O'Reilly's claim that he was denied a license because of his residency, the district court held that the issue in O'Reilly's section 1983 action was identical to the issue in the state court

---

**1.** On appeal, O'Reilly does not challenge the decision of the district court regarding the tran-   script.

action and O'Reilly was collaterally estopped from arguing that the Board denied him a license because of nonresidency.

### III.

■ Although the district court is correct in its assertion that the state circuit court found residence was not determinative of whether an individual received a license, O'Reilly does not base his section 1983 claim on this ground. Had he done so he would be collaterally estopped from raising the issue because the state circuit court found that "no preference, *per se*, [was] given to Montgomery County residents over non-resident applicants." Our interpretation of the state circuit court's opinion suggests that the Board did not automatically deny a license to O'Reilly because he was a nonresident. However, rather than contending that residency was the dispositive factor in determining whether an individual received a license, O'Reilly contends that residency was the key factor in determining familiarity with Montgomery County which was in turn a key factor in determining whether an individual received a license. Thus, O'Reilly contends that the consideration of residency in determining familiarity with Montgomery County violates the privileges and immunities and commerce clauses and that this issue has not been addressed.

It is true that O'Reilly attempted to raise this issue in his appeal to the state circuit court. However, the record does not support a finding that this issue was addressed. The state court made only one reference to the constitutional issue in its opinion:

Mr. O'Reilly claims that the key consideration in the Board's decision was geographical familiarity with Montgomery County, and that the Board illegally linked this to residence in the county.

He argues that the decision of the Board was protectionist, and asks the Court to invalidate it, utilizing a strict standard of constitutional scrutiny.

According to the dissent this language indicates that the state circuit court actually considered O'Reilly's constitutional claims and resolved them. While we would like to say that this issue was addressed and decided in the state forum where the action was initiated, we cannot bar the doors of the federal courthouse to those pressing a basic constitutional claim by seizing upon this language and speculating that the constitutional issue was actually addressed by the state circuit court. O'Reilly raised it, but the state court did not address it.[2]

What the court did find was that residence was "considered only insofar as it related to familiarity...." This is O'Reilly's point. The state court found that residence was a factor considered in determining familiarity, but the court did not determine whether this consideration was constitutional. Although the Board indicated that residence was only one aspect of determining familiarity and the state circuit court found that the Board considered criteria other than familiarity, the state court did not indicate whether it found that residence was or was not the controlling factor in determining familiarity or whether the consideration of residence in determining familiarity was unconstitutional. Because the language of the state circuit court's opinion is ambiguous, we cannot say with any degree of certainty that it decided the identical issue raised in O'Reilly's section 1983 action. Absent a clear identity of issues, O'Reilly should not be collaterally estopped from asserting that residence was impermissibly considered in determining familiarity. Without indicating an opinion regarding the merits of O'Reilly's claim, we

---

2. The dissent cites *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729 (Fed.Cir.1987), *cert. denied*, 484 U.S. 1009, 108 S.Ct. 705, 98 L.Ed.2d 656 (1988), for support. However, as the dissent points out, *MGA* involved a collateral attack on a state court judgment where the appellant challenged the state court's analysis and claimed that the decision was arbitrary and capricious. *Id.* at 733. The Federal Circuit noted that the state court had in fact resolved the dispute presented by the parties. *Id.* Thus, the issue in *MGA*, unlike the issue here, was not whether the state court had decided the identical issue as that raised in federal court, but whether the state court decision was correct and whether the district court correctly applied Michigan law on issue preclusion. *MGA* offers little support for the dissent's position.

reverse the decision of the district court that this action is precluded and remand with instructions to reinstate.

REVERSED AND REMANDED WITH INSTRUCTIONS.

ALEXANDER HARVEY, II, Chief District Judge, dissenting:

Because I believe that the district judge properly applied the Maryland law of issue preclusion in this case, I respectfully dissent.

As the majority has correctly determined, Maryland law is determinative. The question presented is whether the issue raised and decided in the state court is identical to the issue raised and decided by the district judge in this case. It is undisputed that appellant O'Reilly was a party in the prior action in the state court and that an adverse decision was rendered on the merits. The majority has held, however, that because the language of the state court's opinion is ambiguous, it cannot be said with any degree of certainty that the state court decided the identical issue raised in federal court by appellant's § 1983 action. The majority has ruled that, absent a clear identity of issues, appellant should not be collaterally estopped from asserting that his residence was impermissibly used in determining his familiarity with Montgomery County.

From my review of the record before the state court and the record below, I believe that a clear identity of issues exists and that the state court decided the same issues raised in the action which appellant O'Reilly filed in federal court. Under Maryland law, one of the requirements for the application of issue preclusion against a party is that such party must have been afforded a day in court on the particular issue in question and a full and fair opportunity to litigate that issue. *Pat Perusse Realty v. Lingo*, 249 Md. 33, 45, 238 A.2d 100 (1968); *see also Welsh v. Gerber Products, Inc.*, 315 Md. 510, 518, 555 A.2d 486 (1989). The record of the state court proceedings discloses that appellant O'Reilly raised in that court both the privileges and immunities issue and the commerce clause issue. Moreover, in his opinion which affirmed the decision of the Montgomery County Board of Appeals, the state judge indicated that he had considered appellant's constitutional claims and rejected them.

In his memorandum in support of his appeal filed in the Circuit Court for Montgomery County on September 23, 1986, appellant had presented two issues: (1) whether the County Board of Appeals erred in relying on mere residence in Maryland to fulfill the regulation's requirement that an applicant demonstrate familiarity with the geographical area to be served, and (2) whether the regulation, if correctly interpreted by the Board, was repugnant to the privileges and immunities clause and to the commerce clause. That memorandum then discussed in some detail the constitutional issues raised and cited many of the same cases which counsel relied upon below and which appellant has brought to the attention of this Court in this appeal. Indeed, appellant's memorandum filed in state court closely parallels the brief prepared by appellant's counsel and filed below in opposition to the motion to dismiss which was granted by the district judge. Moreover, the same cases cited in state court have been included in the brief filed by appellant in connection with this appeal.

In the state court proceedings, the County Board of Appeals, appellee herein, filed on November 3, 1986, a memorandum in opposition to appellant's memorandum which likewise fully argued the privileges and immunities and commerce clause issues. Appellant's counsel then filed in the state court on November 10, 1986, a reply memorandum in which the constitutional arguments were further discussed. A hearing was held in the Circuit Court for Montgomery County on February 5, 1987, at which time the state judge had before him these memoranda in support of and in opposition to the constitutional claims.

In his Memorandum Opinion and Order of March 4, 1987, the state court judge affirmed the decision of the County Board of Appeals. In reaching his decision, the state judge said the following:

Mr. O'Reilly claims that the key consideration in the Board's decision was geographical familiarity with Montgomery County, and that the Board illegally linked this to residence in the county. He argues that the decision of the Board was *protectionist,* and asks the Court to invalidate it, *utilizing a strict standard of constitutional scrutiny.*

(Emphasis added.)

In using the words "protectionist" and "constitutional scrutiny," the state judge indicated that he had considered the privileges and immunities and commerce clause issues discussed by the parties in the memoranda before him. Nevertheless, the majority has declined to apply the principle of issue preclusion in this case because the majority has concluded that the opinion is ambiguous. Concededly, the opinion does not discuss in any detail the constitutional claims which were asserted by appellant in state court. But the claims were clearly before the court for resolution. Even if the state court's discussion of the constitutional issues was less than ideal, the dispute as to those issues was finally resolved. Insofar as principles of collateral estoppel are concerned, finality of the judgment and not correctness of the decision is the key consideration. *See Restatement (Second) of Judgments* § 13, 29 (1982).

I believe that Maryland law does not require that detailed findings and conclusions must have been made by a court in the first action before principles of issue preclusion may be applied in the second action. What is required is that the party had a day in court on the issue in question, that such party was given a full and fair opportunity to litigate the issue and that an adverse decision was rendered. As I read the record here, all of these requirements were met in this case. In applying principles of collateral estoppel, a federal court does not review a state court judgment for error, but rather looks only to finality. *Rollins v. Dwyer,* 666 F.2d 141, 148 (5th Cir.1983).

In *MGA, Inc. v. General Motors Corp.,* 827 F.2d 729 (Fed.Cir.1987), the court was faced with a similar issue. In collaterally attacking a state court judgment, the appellant had there argued that the state court proceedings were arbitrary and that the state appellate court "had made a puzzling, transparent, and strained attempt to clothe the [lower] court decision with a reasonable legal basis." *MGA,* 827 F.2d at 731. The Court of Appeals for the Federal Circuit nevertheless held that the collateral attack was barred by principles of issue preclusion. In so holding the Federal Circuit in *MGA* stated that a court may not employ its own rules of issue preclusion in determining the effects of state court judgments. *MGA,* 827 F.2d at 732. A federal court must accept the rules chosen by the state from which the judgment is taken. *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982). State proceedings need merely satisfy the applicable requirements of the due process clause in order to have preclusion effect. *Kremer,* 456 U.S. at 481, 102 S.Ct. at 1897. These principles apply even though the state court proceedings may not be a complete or clear analysis of the law. *MGA,* 827 F.2d at 731.

As this Court has previously held, the proper forum in which to challenge a state court judgment is the judicial system of that state rather than federal district court. *Robart Wood & Wire Products v. Namaco Industries, Inc.,* 797 F.2d 176, 178 (4th Cir.1986). If a state court has misinterpreted or misapplied the law, the proper avenue by which to correct such legal errors is to appeal from the judgment, not to seek collateral review. *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Ins. Guar. Assn.,* 455 U.S. 691, 714, 102 S.Ct. 1357, 1371, 71 L.Ed.2d 558 (1982). In this particular case, appellant did not appeal the state court's decision rejecting his constitutional claim. Rather, he filed a § 1983 suit in federal court raising the same claims.

Under the circumstances here, I believe that the district court properly determined that principles of issue preclusion prohibited O'Reilly from re-litigating in federal court claims which had been previously re-

jected by the state court. I would therefore affirm.