19 F.3d 10
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles DOYLE, Plaintiff Appellant,
and
John ALSTON; Rocky Adkins; Dennis Barr; George Boyd;
Robert Cordle; Bruce Creasy; Jeffrey Edley; Clarence
Ford-Bey; Anthony Goines; Clarence Hancock; John Holmes;
George Isabell; Jon Lowans; Kenneth Mercier; William
Mitchell; Roger Osborn; Michael Pollock; Rorie; Thomas
Sikalis; George Standford; Richard Sutton; Michael
Timlin; Clinton Vanmeter; Lewis Walker; Jesse West;
Wright-El, Plaintiffs,
v.
Bishop L. ROBINSON, Secretary of the Department of Public
Safety and Correctional Services; Robert L. Johns,
Director; Norma B. Gluckstern; John J. Murry, Frank
Eisenberg; Edward A. Tomlinson; Minor B. Crager; Stella
Hargett, Defendants Appellees.
 No. 92-6543.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 9, 1994.
Decided: March 8, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore; Frank A. Kaufman, Senior District Judge. (CA-89-1866-K)
 Charles Doyle, appellant pro se.
 John Joseph Curran, Jr., Atty. Gen., Evelyn Omega Cannon, Asst. Atty. Gen., Emory Alvin Plitt, Jr., Office of the Attorney General of Maryland, Baltimore, MD, for appellees.
 D.Md.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm.* Doyle v. Robinson, No. CA-89-1866-K (D. Md. Apr. 10, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The district court held that because Doyle's due process claims had been raised in a state court action, they were barred by collateral estoppel. However, the state court action was dismissed for lack of subject matter jurisdiction, so the dismissal did not serve as a bar to raising the claims in subsequent actions. See O'Reilly v. County Bd. of Appeals, 900 F.2d 789, 791 (4th Cir.1990); Shoup v. Bell & Howell Co., 872 F.2d 1178, 1181 (4th Cir.1989); Cassidy v. Board of Educ. of Prince George's County, 557 A.2d 227, 231 (Md.1985). Nevertheless, we find the error harmless because Doyle failed to establish a constitutionally protected interest in work release. We affirm the district court's grant of summary judgment for Defendants on Doyle's ex post facto claims on the reasoning of the district court